38 F.3d 1217
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth CLEMONS, Defendant-Appellant.
 No. 93-2347.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1994.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges; JORDAN, District Judge.*
 PER CURIAM.
 
 
 1
 Kenneth Clemons was convicted of being a felon in possession of a firearm pursuant to 18 U.S.C. Sec. 922(g). Clemons was sentenced as a career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. Sec. 924(e). Clemons challenges the legality of the search that produced his weapon and the adequacy of the notice of the prior felonies used to enhance his sentence. For the reasons that follow, we AFFIRM.
 
 I. Motion to Suppress
 
 2
 In reviewing the admissibility of evidence seized without a warrant, we defer to the findings of fact by the district court unless those findings are clearly erroneous, but we review the conclusions of law de novo. United States v. Wright, 16 F.3d 1429, 1437 (6th Cir.), cert. denied, 114 S.Ct. 2759 (1994). Further, with respect to the denial of a motion to suppress, we must view the evidence in the light most favorable to the government. United States v. Garza, 10 F.3d 1241, 1245 (6th Cir.1993). A denial of a motion to suppress will be affirmed on appeal if the district court's conclusion can be justified for any reason. Id.
 
 
 3
 The district court determined that Officers Jones and Reid were patrolling Clemons' neighborhood, a "high crime" area in Detroit. The area is notorious for, among other things, a high incidence of stolen hubcaps. The officers noticed Clemons working on the hubcap of a parked car while another individual stood by the car. The officers pulled over to investigate, identified themselves and asked Clemons what he was doing. Clemons began walking quickly away from the officers and toward his house. The officers asked him to stop, but he continued toward the house. Officer Reid then left the patrol car and stopped Clemons as he was reaching for the locked gate in front of his house. At that point Officer Reid did a pat-down search and found a .38 caliber revolver.
 
 
 4
 A "stop-and-frisk" involves two separate events: a "minimally intrusive, investigatory seizure" and a "minimally intrusive search for weapons." Minnesota v. Dickerson, 113 S.Ct. 2130 (1993); Terry v. Ohio, 392 U.S. 1, 19-20 (1968). As to the initial stop, we determine whether the officials were aware of specific and articulable facts which gave rise to a reasonable suspicion. United States v. Hardnett, 804 F.2d 353, 356 (6th Cir.1986), cert. denied, 479 U.S. 1097 (1987). In the present case, Officers Reid and Jones had a legitimate basis for reasonably suspecting that Clemons had been, or was about to be, engaged in criminal activity. While a person working on a hubcap might merely be finishing a simple repair to his own automobile, he also might be stealing that hubcap. The high-crime area where the officers observed the events, combined with Clemons' attempt to flee, provided the officers with a reasonable basis for conducting a Terry investigatory stop. United States v. Lane, 909 F.2d 895, 899 (6th Cir.1990), cert. denied, 498 U.S. 1093 (1991).
 
 
 5
 Next, we examine whether the scope of Officer Reid's conduct was reasonable, i.e., whether the surrounding circumstances give rise to a justifiable fear for personal safety. Garza, 10 F.3d at 1246; Hardnett, 804 F.2d at 356. Here, the "surrounding circumstances" include a suspicion that Clemons was stealing hubcaps in an area known for this crime, this area is a "high crime" area where guns and gunshots are not uncommon, the officers were faced with two possible suspects, Clemons and his friend, and attempted flight by a suspect from clearly identified law enforcement officers. Although the officers did not know that Clemons was armed, he was acting in a suspicious manner in a high crime area, wearing a jacket in which a weapon could be hidden, and attempting to evade the officers. We find that these facts made the frisk "reasonably necessary under the circumstances." Hardnett, 804 F.2d at 357.
 
 
 6
 Because both Hardnett factors are satisfied, we conclude that Officer Reid conducted a permissible Terry stop. Further, incident to a valid Terry stop, a law officer may "take steps to ensure that a person stopped is not armed." Hardnett, 804 F.2d at 358. Terry does not demand that the officer be absolutely certain that the suspect is armed. Rather, if a reasonably prudent person in the circumstances would be warranted in the belief that his safety or that of others was in danger, the officer may conduct a pat-down search. Dickerson, 113 S.Ct. at 2136; see also Adams v. Williams, 407 U.S. 143, 146 (1972); Lane, 909 F.2d at 900.
 
 
 7
 We believe that the pat-down search of Clemons' clothing was justified. Given Clemons' flight from the officers in a high crime area at night, that Clemons was acting in a suspicious manner, and was wearing a jacket that could conceal a weapon, Officer Reid had a reasonable belief that Clemons was armed and dangerous, which justified the frisk. Our holding is consistent with the decisions reached by our sister circuits under similar facts. We therefore adopt the reasoning set forth by these circuits and hold that the officers in the instant case reasonably believed that Clemons was armed and presently dangerous so as to justify the frisk. See United States v. Villanueva, 15 F.3d 197, 199 (1st Cir.), cert. denied, 114 S.Ct. 2174 (1994); United States v. Michelletti, 13 F.3d 838 (5th Cir.1994) (en banc), petition for cert. filed, No. 93-8886 (April 25, 1994); United States v. Rideau, 969 F.2d 1572 (5th Cir.1992) (en banc).
 
 II. Notice of Enhancement
 
 8
 Prior to trial, the government filed a notice indicating that Clemons qualified for sentence enhancement under the ACCA. The notice listed three prior convictions. Two of the convictions, however, were for the same act. The presentencing report concluded that Clemons was nevertheless a "career criminal" by adding another conviction that was not included in the original notice. The ACCA is silent on the issue of notice of the particular felonies upon which the enhancement will be made.
 
 
 9
 Clemons' argument is rendered moot by the Supreme Court's decision in Custis v. United States, 114 S.Ct. 1732 (1994). The Custis court held that, with the sole exception of convictions obtained in violation of the defendant's right to counsel, a defendant has no right to collaterally attack the validity of state court convictions used to enhance a federal sentence under the ACCA. Id. at 1734, 1738, 1739. In the present case, Clemons challenges his conviction, not on the ground that he was denied an attorney, but that his attorney was ineffective because of a conflict of interest due to his representation of a codefendant. Under Custis, Clemons has no right to raise that issue at his sentencing and, therefore, even assuming a constitutional right to notice, any defect in the government's notice was harmless. Accordingly, we affirm the district court's enhanced sentencing under the ACCA.
 
 III.
 
 10
 We have considered all of the defendant's arguments on this appeal and have found them to be without merit. Accordingly, for the reasons stated above, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation